UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 20-CR-191-W |
| | ) | |
| Plaintiff, | ) | ORDER CONTINUING UNOPPOSED |
| | ) | MOTION TO CONTINUE MOTION |
| v. | ) | HEARING DATE |
| | ) | |
| JEALLENE GAITAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The Court hereby FINDS AS FOLLOWS:

1. Defendants are scheduled to appear for Motion Hearing/Trial Setting on May 26, 2020.

2. Motions are pending, excluding time pursuant to 18 U.S.C. § 3161(h)(1)(D).

3. On March 17, 2020, the Chief United States District Judge of the Southern District of California entered an Order suspending jury trials and other proceedings scheduled to begin before April 16, 2020. See Order of the Chief Judge No. 18 (OCJ 18), Suspension of Jury Trials and Other Proceedings during the COVID-19 Public

1

Emergency (March 17, 2020). That Order was subsequently amended and modified by OCJs 18-A and 22. On April 15, 2020, the Suspension of Proceedings was extended another 30 days, referencing the Judicial Council of the Ninth Circuit's ratification of OCJ 18, extending the judicial emergency up to a one year period. See Order of the Chief Judge No. 24, Extending Suspension of Jury Trials and Other Proceedings during the COVID-19 Public Emergency (April 15, 2020). On May 15, 2020, the Chief Judge issued OCJ 27, extending the judicial emergency another 30 days to June 15, 2020. OCJ 27 specifies that Judges in this Court may conduct limited in-person proceedings beginning June 1, 2020 at their discretion. These Orders, which are hereby incorporated by reference, were imposed based on (1) the state of emergency declared in response to the spread of the coronavirus (COVID-19), (2) the restrictions on public gatherings recommended by the Centers for Disease Control and Prevention, (3) the lack of a quorum of grand jurors during the period of national emergency, and (4) restrictions on attorney visits imposed at the Metropolitan Correctional Center. In light of the public health restrictions and in order to protect public safety and prevent the spread of the COVID-19 outbreak, the Court declared a judicial emergency under 18 U.S.C. § 3174 and continued or suspended all jury trials, trial-specific deadlines and other criminal proceedings, under Federal Rule of Criminal Procedure 5.1, in part through June 15, 2020.

4. Given the grave public-health concerns discussed in Order of the Chief Judge No. 18, the ends of justice served by a continuance in this case outweigh the best interest of the public and defendant in a speedy trial.

5. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

6. Failure to continue the case would also likely put counsel, parties, witnesses, and Court personnel at unnecessary risk.

7. Due to the restrictions imposed by current public-health concerns it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, the Court finds that there are facts that support a continuance of the trial date or hearing date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The Motion Hearing/Trial Setting in this matter is continued from May 26, 2020 to June 29, 2020.

2. The time period of May 26, 2020 to June 29, 2020, inclusive, is excluded in computing the time within which the trial

must commence, pursuant to 18 U.S.C. §§ 3161 (h)(1)(D), 3161(h)(7)(A), (h)(7)(B)(i), (h)(B)(iv).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

DATED: 5/21/20

THOMAS J. WHELAN
United States District Judge